DEVIN, J., dissenting.
SCHENCK, J., concurs in dissent of DEVIN, J.
SEAWELL, J., dissenting.
Civil action to recover $175.00, advanced credit on purchase of new automobile. *Page 64 
The court of first instance (justice of the peace) rendered judgment for the plaintiff. On appeal to the Superior Court, a jury trial was waived, the facts were agreed upon, and the matter was thereupon submitted to the court for determination of the rights of the parties.
In summary, the operative facts follow:
1. The plaintiff traded the defendant an old automobile and took as part payment due bill for $175.00 good for credit on purchase of a new car. It was not contemplated that the new automobile should be delivered prior to 1 January, 1942.
2. The defendant had a gross profit of $200.00 in the sale of such new automobile.
3. The defendant advised the plaintiff that after January he probably would not be able to get automobiles to deliver to him until after the duration. Following this conversation, the parties entered into a contract with these principal provisions:
"This is to certify that I have this day traded Tuttle Motor Company one 1937 Chevrolet Tudor Sedan . . ., leaving a balance of $175.00 on deposit on a new car to be delivered when I want it. Except it is agreed that you will not be held liable for any delay or failure through any cause whatsoever in making delivery. The car will be delivered at the price upon delivery date.
"I agree to pay the balance on the car and accept delivery . . . at dealer's place of business within forty-eight hours after I have been notified that it is ready. In case I fail to take delivery of car when notified, my deposit may be retained as liquidated damages. . . .
"This 25th day of October, 1941.
R. J. SHELTON, Purchaser.
"RALPH D. TUTTLE,
Dealer's Signature."
4. Thereafter, new automobiles were "frozen" by virtue of "Rationing Order No. 2-A — New Passenger Automobile Regulations," as amended, which further provides that "If performance of any agreement of sale or purchase of a new automobile is forbidden . . . any person who has made any payment on account of the purchase of such new automobile shall upon demand be entitled to the return of the amount of any deposit or any other consideration paid," etc.
These orders were issued pursuant to Act of Congress known as the Priorities and Allocations Act (Pub.L. 89, 77th Congress, 1st Session, C. 157), later enlarged by the Second War Powers Act (Pub.L. 507, 77th Congress, 2nd Session, C. 199).
5. Prior to the order of "freezing," the defendant approached the plaintiff relative to delivering him an automobile as per their agreement, *Page 65 
and the defendant was at that time advised by the plaintiff that he was not ready for an automobile. The defendant was then ready, able and willing to make delivery.
6. The plaintiff made application to the Rationing Board for permit to obtain a new car, which application was denied. Had plaintiff obtained such permit, the defendant could have made delivery.
7. The defendant sold the old automobile which he received from the plaintiff, valuing it upon sale for the purpose of financing at $350.00.
The plaintiff grounds his action on the provisions of "Rationing Order No. 2-A — New Passenger Automobile Regulations," as above set out. Recovery is resisted on the terms appearing in the memorandum of agreement signed 25 October, 1941, and further that no authority exists for declaring rights and remedies in the rationing orders.
The court being of opinion that plaintiff was entitled to recover the face amount of the due bill (voluntarily reduced to $150.00) upon which the present action is based, entered judgment accordingly, from which the defendant appeals, assigning error.
The parties have contracted against the very contingency which has arisen here. Indeed, their agreement was made with a view to its probable happening.
On 25 October, 1941, the plaintiff "traded" the defendant an old automobile, "leaving a balance of $175.00 on deposit on a new car to be delivered when I want it." It was not then contemplated that the new automobile should be delivered prior to 1 January, 1942. However, after closing the transaction, "the defendant advised the plaintiff that after January he probably would not be able to get automobiles to deliver to him until after the duration." In the light of this conversation, the parties drew up and signed the memorandum of agreement set out in the record. In this the plaintiff agrees that the defendant "will not be held liable for any delay or failure through any cause whatsoever in making delivery. The car will be delivered at the price upon delivery date." And further, "In case I fail (for 48 hours) to take delivery of car when notified, my deposit may be retained as liquidated damages," etc.
In other words, anticipating that the purchase of new automobiles might thereafter be "frozen," the parties entered into an agreement, setting out that in such event the plaintiff's memo of credit with the defendant should likewise be "frozen." That is, the parties undertook in advance to say how the matter would be handled if the freezing of *Page 66 
new automobiles should occur. Atlantic Steel Co. v. Campbell Coal Co., 262 Fed., 555. This is a lawful contract, and neither the Acts of Congress nor the Executive Orders relied upon by the plaintiff purport to declare it unlawful or inoperative. These Federal pronouncements were intended for other facts. They are not controlling on this record. The plaintiff was at liberty to cancel the credit memorandum, if he wanted to, or to do with it as he pleased. He enjoyed then, and still enjoys, freedom of contract in respect of such credit.
Prior to the time when "the freezing of new automobiles" went into effect, the defendant approached the plaintiff relative to making delivery of a new car as per their agreement — the defendant then being ready, able and willing to make delivery — but the plaintiff said he "was not ready for an automobile."
The plaintiff, therefore, finds himself face to face with two insurmountable provisions in his contract:
First, he has agreed that the defendant shall not be liable for any delay or failure through any cause whatsoever in making delivery of the new car. This defeats the present action.
Second, he has agreed that in case he fails to accept delivery within 48 hours after notice, his deposit may be retained as liquidated damages. While notice was given to the plaintiff prior to the "freezing" order, thereby possibly making available the terms of this provision, still the defendant has not sought to take advantage of it, because of the original understanding that delivery of the new automobile was not contemplated prior to January 1, 1942.
Notwithstanding these permissible defenses, the defendant has signified his willingness to make delivery, if and when the plaintiff wants a new car and is permitted to purchase one. The plaintiff made application for permit to obtain a new car, after rationing went into effect, but his application was denied.
Plaintiff sues to recover $175.00, "due on contract." On the hearing in the Superior Court he voluntarily reduced his claim to $150.00. Even the plaintiff will not say what his credit memorandum is worth in cash, for he realizes the defendant had a profit in excess of the memorandum in the sale of a new automobile, and he also remembers the stipulation against liability in case of "freezing." He did not think so much of his credit memorandum when he signed the agreement releasing the defendant from liability in case of "delay or failure" to make delivery of the new car.
The disposition of the old car by the defendant is not germane to the case. Title passed and the plaintiff has no further interest in this car. Viewed in the light most favorable to the plaintiff, the contract must at least be construed as an agreement to allow the plaintiff's credit with *Page 67 
the defendant to remain in statu quo until the purchase and sale of a new automobile can be consummated. Plaintiff would ignore this agreement. But it is signed by him; it is valid, and he is bound by its terms.
The trial court predicated its judgment on the supposed abrogation of the "due bill" given at the time of the trade, and "upon which the present action is based," according to a recital in the judgment. The case is controlled by the memorandum of agreement afterwards signed by the parties and in which the defendant is relieved of liability for any delay or failure through any cause whatsoever in making delivery of a new car. The defendant is entitled to prevail on the record as presented. Judgment accordingly.
Reversed.